```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION

NELSON MEDINA and
VENGEANCE FUTEBOL CLUB
                                                       PLAINTIFFS

      v.                  CIVIL NO. 09-5196

ARKANSAS COMETS FUTBOL CLUB;
SAMIR HAJ; NWA LIGHTENING
SOCCER CLUB; TADEUS DIAS;
FORT SMITH EXPRESS SOCCER
CLUB; PETER HIRSH; ARKANSAS
STATE SOCCER ASSOCIATION; and
GAYLE SMITH                                             DEFENDANTS
```

**O R D E R**

On September 16, 2009, Plaintiffs filed a complaint alleging that Defendants' actions to exclude them from a youth soccer tournament constitute a violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C § 1, *et. seq.* Currently before the Court are Defendants' Motion to Dismiss and related documents. (Docs. 9 & 11). For their motion, Defendants seek dismissal of Plaintiffs' claim because: (1) Plaintiffs and Defendants are all members of the United States Soccer Federation ("USSF"), and therefore, Defendants are incapable of conspiring against Plaintiffs; (2) Plaintiffs failed to exhaust administrative remedies as required by the USSF; and (3) Plaintiffs failed to sufficiently plead their claim for relief. Upon review of Defendants' motion and documents relating thereto, the Court lacks sufficient legal and factual bases to properly rule on issues one and two. However, upon evaluation of issue three and for reasons recited herein, we hold that Plaintiffs have not stated a claim. Therefore, Defendants' motion is **GRANTED**.

**I.   Standard**

In determining whether a motion to dismiss should be granted under Federal Rule 12(b)(6) of Civil Procedure, the court must test the legal sufficiency of the complaint. In considering a motion to dismiss, the court must consider all allegations in the complaint as true and view the facts and inferences therefrom most favorably to the non-moving party. *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999). To state a claim, a complaint need not detailed factual allegations; a plaintiff need only provide the grounds of his or her entitlement to relief. *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal under Rule 12(b)(6) is proper when a plaintiff's allegations show an insuperable bar to relief. *Benton*, 524 F.3d at 870.

**II.  Allegations**

In their Complaint, Plaintiffs allege as follows:

1. In August 2009, the Vengeance Futebol Club ("Vengeance") was accepted to play in the "Dawg Daze" soccer tournament operated by the Fort Smith Express Soccer Club ("Express"). The Vengeance is a youth soccer "club" that operates in Washington

County and Benton County, Arkansas. The Express is a youth soccer "club" that operates in Sebastian County, Arkansas.

2. Thereafter, Jessie Williams, director of coaching for Express, was contacted by Samir Haj, a member of the board of directors of the Arkansas Comets Futbol Club ("Comets") as well as a board member and vice president of the Arkansas State Soccer Association ("ASSA"). Williams was also contacted by Tadeus Dias, director of coaching for the NWA Lightening Soccer Club ("Lightening"). The Comets and Lightening are youth soccer "clubs" that operate in Washington and Benton counties.

3. Haj and Dias informed Williams that if the Vengeance were permitted to participate in Dawg Daze, the Comets and Lightening would withdraw.

4. Williams then informed Nelson Medina, president of the Vengeance, that the club and its members would not be permitted to play in Dawg Daze.

5. Thereafter, Williams instructed Gayle Smith, executive director of the ASSA, to change the requirements for participation in the tournament. This action was in direct contravention of the ASSA's bylaws and policies.

6. The purpose of excluding the Vengeance from Dawg Daze and changing the participation requirements was to prevent its participation in youth soccer.

**III. Analysis**

To establish a claim under Section 1 of the Sherman Antitrust Act, a plaintiff must allege: "(1) that there was a contract, combination, or conspiracy; (2) that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and (3) that the restraint affected interstate commerce." *Hairston v. Pacific 10 Conference*, 101 F.3d 1315, 1318 (9th Cir. 1996). Defendants contend that Plaintiffs have failed to allege a Section 1 violation. In support of this contention, Defendants rely primarily on *Eleven Line, Inc. v. North Texas State Soccer Ass'n, Inc.*, 213 F.3d 198 (5th Cir. 2000).

In *Eleven Line*, the Fifth Circuit Court of Appeals reversed a judgment against a group of non-profit, volunteer-run soccer organizations because the plaintiff, a for-profit soccer arena, failed to establish compensable damages under Section 1. *Id*. at 209. However, in analyzing the conspiracy element of the plaintiff's claim, the Fifth Circuit stated:

> It appears to be a novel claim . . . that a volunteer sports league can conspire with its volunteer players and coaches. In a for-profit league, no similar conspiracy could exist because the coaches and players are employees of the league or its teams. Similarly, [United States Supreme Court precedent] renders infeasible any claim of conspiracy among [non-profit soccer organizations], which function jointly as one entity under the auspices of USSF.

*Id*. at 205 (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768-69 (1984)). *Eleven Line* continued:

> These soccer organizations had no economic motive for violating the monopolization prohibitions of the antitrust laws . . . . Contrary to the economic theory of monopolistic conduct, none of the defendants had a motive to increase prices or limit output of soccer. The development of the sport, to which the organizations are committed, depends on increasing player participation, creating more teams and offering more soccer games.

*Id*. at 206. It is this point that the Court must address in the present case.

"[A] private plaintiff must demonstrate that he has suffered an 'antitrust injury' as a result of the alleged conduct of the defendants, and that he has standing to pursue a claim under the federal antitrust laws." *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 791 (8th Cir. 2006). Accordingly, a plaintiff must have "suffered the type of injury Congress . . . intended to redress in providing a private remedy for violations of the antitrust laws." *Razorback Ready Mix Concrete Co., Inc. v. Weaver*, 761 F.2d 484, 488 (8th Cir. 1985) (quoting *Henke Enters. v. Hy-Vee Food Stores*, 749 F.2d 488, 489 (8th Cir. 1984)). Congress enacted the Sherman Antitrust Act in order to prevent "restraints to free competition in business and commercial transactions which tended to restrict production, raise prices or otherwise control the market to the detriment of purchasers or consumers of goods and services, all of which had come to be regarded as a special form of public injury." *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 493 (1940). In the present case, Plaintiffs have not alleged any antitrust injury.

The allegations in Plaintiffs' Complaint relate to an alleged effort by Defendants to exclude the Vengeance from the Dawg Daze youth soccer tournament in Fort Smith, Arkansas.  As pled, there are no factual allegations that indicate any economic component to Defendants' alleged activity.  Rather, the Complaint seems to equate athletic rivalry with the type of competition contemplated by antitrust laws.  Critical facts indicating, for instance, the nature of the organizations involved and the manner in which Defendants' alleged actions impacted Plaintiffs are absent.  In their place are conclusory allegations reciting that:

> 13. Defendants herein have conspired to prevent the Plaintiffs from participating in tournaments and competitions necessary for the operation of a youth soccer club.
>
> 14. The Defendants conspiracy has the effect of unreasonably restraining trade and preventing the Plaintiffs from participating in interstate commerce.
>
> . . .
>
> 21. Mr. Williams was subsequently directed by Peter Hirsh to act in conformance with the group boycott presented by Haj and Dias and retroactively reject the applications from [Vengeance] in recognition of the monopolistic economic power wielded by Comets, Lightening and [the Arkansas State Soccer Association] in the relevant market.

These allegations do nothing more than recite the elements of a Section 1 claim.  They fail to establish an antitrust context for Plaintiffs' claim, and as such, they require the Court to speculate about whether Plaintiffs have standing.  *Twombly*, 550 U.S. at 556-57.  The alleged "boycott" of a single tournament by two youth

soccer teams does little in-and-of itself to establish a Section 1 violation.  The fact that some type of wrong has been suffered does not give rise to an antitrust action.  "The Sherman Anti-Trust Act was not primarily to protect the individual but to protect the general public economically, and a private party may not recover under the act unless there has been an injury to the general public economically."  *Riggall v. Washington County Med. Soc.*, 249 F.2d 266, 268 (8th Cir. 1957).  Because Plaintiffs have failed to allege antitrust injury, their Complaint is **DISMISSED WITHOUT PREJUDICE.**

## IV. Conclusion

"[T]o maintain a private antitrust action, a party must do more than claim improper motive and some causal connection between its injury and the defendants' activity."  *Razorback Ready Mix*, 761 F.2d at 488 (quoting *Henke Enters.*, 749 F.2d at 489).  An athletic rivalry, better resolved by referees armed with penalty cards of yellow and red, is not within the realm of antitrust law.  Therefore, Defendants' Motion to Dismiss is **GRANTED.**  (Docs. 9 & 11).  The parties are to bear their own fees and costs.

IT IS SO ORDERED this 19th day of November 2009.

> */s/ Robert T. Dawson*
> Honorable Robert T. Dawson
> United States District Judge